**UNITED STATES, Appellee,**

v.

**Sergeant First Class Edward M. TUGGLE, 383–52–8406, United States Army, Appellant.**

**ACMR 8902672.**

U.S. Army Court of Military Review.

6 Nov. 1990.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Deborah C. Olgin, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC (on brief).

Before FOREMAN, HAESSIG and GRAY, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of stealing military property and making a false official statement in·violation of Articles 121 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 907 (1982). On 21 August 1989, the military judge sentenced the appellant to be reduced to the grade of "E4" and to pay a fine of $10,000.00, and further ordered that if the fine was not paid within 30 days after the convening authority's action, the appellant was to be reduced to the grade of Private E1 and confined for one year.

On 3 November 1989, the convening authority approved the adjudged sentence. On 6 December 1989, a military magistrate conducted a hearing in accordance with the Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1113(d)(3) [hereinafter R.C.M.], and found that appellant had not paid the fine, was not indigent, and had not made a good faith effort to pay the fine. On 13 December 1989, the convening authority approved the magistrate's findings and recommendations and ordered the sentence to confinement and reduction to Private E1 executed. Before this court the appellant contends that the military judge and the convening authority erred in finding that the appellant was not indigent and had acted in bad faith.

At the hearing before the magistrate, the appellant testified that he had tried to obtain money from family, friends and loan institutions. He stated that he had tried unsuccessfully to sell his automobile, a three-month-old Chrysler LeBaron convertible worth approximately $19,000.00. Several loan companies had disapproved his loan applications. His mother was able and willing to loan him $6000.00 by mortgaging her house, but could not loan him the entire $10,000.00. The appellant voluntarily pays $300.00 per month for the support of his two children, ages 14 and 11, and sends $100.00 per month to his mother. The appellant lives in government quarters and has no housing expenses. The appellant has a life insurance policy that had a cash value of $837.00 as of 10 February 1988, but the appellant had not determined the policy's cash value as of the date of his hearing. Although he had continued to receive the pay and allowances of a Sergeant First Class for three months after the trial, he did not save any money to pay the fine.

The appellant submitted a listing of his monthly obligations which included $636.00 in car-related expenses, *i.e.*, loan payment, insurance and gasoline; $400.00 in voluntary allotments for his mother ($100.00) and children ($300.00); $150.00 in life insurance premiums, and a bond allotment for $18.75. The appellant requested that he be

allowed to pay the fine in installments of $500.00 per month.

■ Rule for Courts–Martial 1003(b)(3) specifically authorizes imposition of confinement to enforce collection of a fine, but Rule for Courts–Martial 1113(d)(3) prohibits execution of confinement for failure to pay a fine,

> [I]f the accused demonstrates that ... [he] has made good faith efforts to pay but cannot because of indigency, unless the authority considering imposition of confinement determines, after giving the accused notice and opportunity to be heard, that there is no other punishment adequate to meet the Government's interest in appropriate punishment.

This provision was intended to avoid violating the equal protection clause of the fourteenth amendment by imprisoning soldiers solely because of their inability to pay a fine. R.C.M. 1113(d)(3) analysis at A21–77.

In *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Supreme Court held that, "[I]f the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it." *Id.* at 667–668, 103 S.Ct. at 2069–70. The Supreme Court contemplated that a person might have to borrow money to pay the fine, observing that, "A probationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine may reflect an insufficient concern for paying the debt he owes to society for his crime." *Id.* at 668, 103 S.Ct. at 2070. Relying on the equal protection clause of the fourteenth amendment, the Supreme Court held further that, "[I]f the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishment the defendant are available." *Id.* at 668–669, 103 S.Ct. at 2070–71. "Alternative methods" include extending the time for payment, reducing the fine, or some form of labor or public service in lieu of the fine. *Id.* at 672, 103 S.Ct. at 2072–73.

■ The appellant asks this court to find that the factual determinations by the magistrate and the convening authority were incorrect. This is a case of first impression, requiring that we first determine what standard applies to the review of the factual determinations of the magistrate and the convening authority. The Uniform Code of Military Justice and the Manual for Courts–Martial are silent on this issue. In the absence of guidance to the contrary, we hold that we should treat the factual determinations of the magistrate and the convening authority, as we would those of a military judge. Discretionary decisions by magistrates and convening authorities, such as to continue pretrial confinement or to deny deferral of confinement, are not at issue here. Discretionary decisions are subject to review for abuse of discretion. *See e.g.,* R.C.M. 305(j); *Moore v. Akins,* 30 M.J. 249, 252 (C.M.A. 1990). In accordance with Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c), we must be satisfied that the magistrate's determination is supported by the evidence of record, and that his findings are correct, giving due consideration to the fact that he saw and heard the witnesses.

■ Applying this standard of review to the case before us, we agree with the magistrate's findings. The evidence presented by the appellant establishes that he could have generated at least $1200.00 per month for the three months between his sentencing and the magistrate's hearing by surrendering his automobile, temporarily suspending his voluntary payments for child support and support of his mother, and cancelling his life insurance policy, allotments for life insurance, and his bond allotment. With virtually no expenses for lodging, he could have saved some of his monthly pay. He could have obtained a sum greater than $837.00, the cash value of his life insurance some 21 months prior to the hearing. These assets, added to the $6000.00 which the appellant's mother was willing and able to loan him, would have been more than sufficient to pay the fine in

full. Accordingly, we find that the appellant was not indigent, and did not make a bona fide effort to pay the fine. Having so found, we need not determine whether the appellant's request to pay his fine in installments would be an "adequate alternative method of punishment." We hold that the assignment of error is without merit.

Although not assigned as error, we note that the military judge imposed a reduction to Private E1 as well as confinement to enforce the fine. We find no authority in Rule for Courts–Martial 1003(b) or Rule for Courts–Martial 1113(d) to enforce a fine by ordering a reduction in grade. Confinement imposed pursuant to Rule for Courts–Martial 1003(b) is not punishment, but rather a tool to enforce collection of the fine, but it is transformed into punishment under Rule for Courts–Martial 1113(d) when the fine is not paid. *United States v. Rascoe,* 31 M.J. 544 (N.M.C.M.R. 1990); *see Bearden v. Georgia,* 461 U.S. 660, 668, 103 S.Ct. 2064, 2070, 76 L.Ed.2d 221 (1983) (When defendant fails to make bona fide effort to pay fine, "the State is likewise justified in revoking probation and using imprisonment as an appropriate *penalty* for the offense.") (Emphasis added.) Once confinement is imposed as punishment, albeit a substitute punishment for the unpaid fine, the accused is reduced to the lowest enlisted grade by operation of law. Article 58a, Uniform Code of Military Justice, 10 U.S.C. § 858a (1982). Therefore, the propriety of the military judge's imposition of a reduction in this case is moot, since the execution of confinement upon nonpayment of the fine reduced the appellant to Private E1 by operation of law.

On consideration of the entire record, including the hearing by the magistrate in accordance with Rule for Courts–Martial 1113(d)(3), we hold that the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence, including the imposition of confinement, and reduction to Private E1 pursuant to Article 58a, Uniform Code of Military Justice, for nonpayment of the fine, are affirmed.

Judge HAESSIG and Judge GRAY concur.