UNITED STATES, Appellee,

v.

Private Eric L. BLIZZARD, 242–45–5813,
United States Army, Appellant.

ACMR 9100430.

U.S. Army Court of Military Review.

12 Feb. 1992.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Cynthia J. Rapp, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of three specifications of making a false official statement, five specifications of larceny, and two specifications of forgery, in violation of Articles 107, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, and 923 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for five years, total forfeitures, a fine of $1000.00, and if the fine was not paid, an additional six months of confinement. In accordance with a pretrial agreement, the convening authority approved a dishonorable discharge, confinement for thirty months, total forfeitures, a fine of $1000.00, and an

additional 180 days of confinement, if the fine was not paid.

■ The error before this Court relates to the convening authority's approval of the fine. Appellant asserts that the convening authority should not have approved the fine with the condition that appellant, who is indigent, face additional confinement if the fine is not paid. We disagree and affirm.

Appellant's pretrial agreement, which appellant proposed, included a specific provision for a fine:

> In return for my plea of guilty the convening authority agrees to disapprove any confinement in excess of thirty months. Any other lawful punishments, if adjudged, may be approved. Confinement limitation may be enlarged by enforcement provisions for nonpayment of any fine by no more than 180 additional days.

In matters submitted pursuant to Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984], Rule for Courts–Martial 1105 [hereinafter R.C.M.], appellant claimed that he was indigent and could not pay the fine. In support of this claim, appellant advised the convening authority that he had a $227.00 per month truck payment and a $140.00 per month payment to his parents for a $1600.00 loan. His grandfather agreed to assume the truck payment, and his parents agreed to forgive the personal loan debt. He further submitted his leave and earning statements which indicate that from July 1990 to June 1991 he received net pay of only $595.00 and from March 1991 to present he received no net pay. A substantial portion of his gross pay was consumed by voluntary allotments to pay his parents and the truck payment. He stated that he only had $205.00 in his checking account which he was willing to pay for restitution, that he had unsuccessfully attempted to get a loan to pay the fine, that his parents could not get a loan for that purpose, and that his parents could not provide further financial support. He concluded that he was willing to pay the fine but could not because he was indigent.

■ The Constitution prohibits, as a violation of the Equal Protection clause of the fourteenth amendment, imposition of a sentence to a fine which automatically converts into a jail term solely because the accused is indigent and cannot pay the fine in full. *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). The Manual for Courts–Martial provides:

> *Confinement in lieu of fine.* Confinement may not be executed for failure to pay a fine if the accused demonstrates that the accused has made good faith efforts to pay but cannot because of indigency, unless the authority considering imposition of confinement determines, after giving the accused notice and opportunity to be heard, that there is no other punishment adequate to meet the Government's interest in appropriate punishment.

R.C.M. 1113(d)(3).[1] An accused becomes immediately liable to the United States for the entire amount of a fine when it is ordered executed. R.C.M. 1003(b)(3) discussion. In the case before us, the fine became payable at the time of the convening authority's initial action when he ordered the sentence executed.[2] Confinement imposed in lieu of a fine is not punishment but is a tool to enforce collection of the fine and is transformed into punish-

---

1. R.C.M. 1113(d)(3) was written to avoid the constitutional problems involved in *Bearden v. Georgia, Tate v. Short,* and *Williams v. Illinois.* MCM, 1984, R.C.M. 1113(d)(3) analysis, app. 21 at A21–78. *See United States v. Soriano,* 22 M.J. 453, 454 (C.M.A.1986).

2. The convening authority's action provides, in pertinent part,

> [O]nly so much of the sentence as provides for confinement for 30 months, forfeiture of all pay and allowances, a fine of $1000.00, and a dishonorable discharge is approved, the accused to serve an additional 180 days of confinement if the fine is not paid, and except for that part of the sentence extending to a dishonorable discharge, will be executed.

ment when the fine is not paid. *United States v. Tuggle,* 31 M.J. 778, 781 (A.C.M.R.1990), *petition granted,* 33 M.J. 3 (C.M.A.1991); *United States v. Rascoe,* 31 M.J. 544 (N.M.C.M.R.1990).

 In the case before us, appellant received notice, through the staff judge advocate's recommendation on 25 March 1991, that action on his adjudged sentence, to include the fine and its enforcement provisions, was pending before the convening authority. After being granted a delay and recognizing that the fine could be ordered executed with the enforcement provision of confinement in lieu of fine, on 15 April 1991 appellant submitted through counsel his claim of indigency to the convening authority. This claim was contained within his R.C.M. 1105 submission. Considering all the documents, to include those in support of the claim of indigency, the convening authority rejected appellant's claim of indigency, approved the sentence, and ordered the sentence executed except for the discharge.

We believe the procedures followed in appellant's case satisfied the requirements of due process. We hold that service of the recommendation of the staff judge advocate under the provisions of R.C.M. 1106(f) was sufficient notice to appellant that the convening authority could approve the fine provisions. We further hold that appellant's R.C.M. 1105/1106 submission to the convening authority was sufficient opportunity to be heard.

The burden to establish indigency was on appellant. R.C.M. 1113(d)(3). Appellant failed to meet this burden. Indeed, appellant's own evidence demonstrates that he did not make a good faith effort to pay the fine. Using our powers under Article 66(c), UCMJ, 10 U.S.C. § 866(c), we find appellant used voluntary allotments to pay his parents and to make payments on his motor vehicle. Rather than attempting to sell his truck and applying any possible equity

to his fine, he transferred his truck to a member of his family, an act which we view with suspicion. Further, we find appellant had monies which he elected to use for restitution. Under the circumstances, we hold appellant was not indigent. There has been compliance with R.C.M. 1113(d)(3).[3] *See Soriano,* 22 M.J. at 454.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge ARKOW concur.

---

3. We find nothing that requires the convening authority to place the specifics of his determination in writing. *Cf. Black v. Romano,* 471 U.S. 606, 611, 105 S.Ct. 2254, 2257–58, 85 L.Ed.2d 636 (1985) (sentencing court not required "to state explicitly why it has rejected alternatives

to incarceration" when revoking probation). The better practice would be to make a written determination that appellant was not indigent and that there is no other punishment adequate to meet the government interests in appropriate punishment. *Cf. Rascoe,* 31 M.J. at 571.