IN THE CASE OF

UNITED STATES, Appellee

v.

Alphonso C. PALMER, Staff Sergeant
U.S. Air Force, Appellant

No. 03-0173

Crim. App. No. 34379

United States Court of Appeals for the Armed Forces

Argued November 18, 2003

Decided April 1, 2004

ERDMANN, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant: Captain Sandra K. Whittington (argued); Colonel
Beverly B. Knott, Major Terry L. McElyea and Captain James M.
Winner (on brief); Major Maria A. Fried.

For Appellee: Captain Kevin P. Stiens (argued); Colonel LeEllen
Coacher and Lieutenant Colonel Robert V. Combs (on brief);
Lieutenant Colonel Lance B. Sigmon.

Military Judge: Robert G. Gibson

**This opinion is subject to editorial correction before final publication**.

Judge ERDMANN delivered the opinion of the Court:

Appellant, Staff Sergeant Alphonso C. Palmer, separately conspired with two employees of the Naval Exchange to illegally obtain automotive parts and tires from the Naval Exchange, which Palmer would then use or sell in his private business enterprises. The items Palmer unlawfully obtained exceeded $100,000.00 in value. He was found guilty of two specifications each of conspiracy and larceny, violations of Articles 81 and 121, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 881 and 921 (2000), respectively.

He was sentenced to a bad-conduct discharge, confinement for 30 months, total forfeitures, reduction to the lowest enlisted grade, and a fine in the amount of $30,000.00. The sentence also provided that if the fine was not paid, Palmer would be subject to an additional 12 months of confinement. This fine and the provision for contingent confinement gave rise to the two issues we granted for review:

I.

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN IT DEEMED APPELLANT'S FAILURE TO PAY HIS ADJUDGED DEBT AS WILLFUL AND APPROVED THE CONTINGENT CONFINEMENT FOR 95 DAYS DESPITE THE GOVERNMENT HAVING RECEIVED A $3,000.00 PARTIAL PAYMENT TOWARDS THE FINE.

II.

WHETHER THE INITIAL GOVERNMENT ACCEPTANCE OF APPELLANT'S $3,000.00 PARTIAL FINE PAYMENT ON MARCH 9, 2001, WHICH OCCURRED AFTER THE CONVENING AUTHORITY'S REMISSION OF THE UNPAID BALANCE OF THE ADJUDGED FINE

2

>AND APPROVAL OF AN ADDITIONAL 95 DAYS OF CONFINEMENT,
>EITHER (1) NEGATED THE CONVENING AUTHORITY'S ACTION
>REMITTING THE UNPAID BALANCE OF THE ADJUDGED FINE AND
>APPROVING ADDITIONAL CONFINEMENT, OR (2) SHOULD HAVE
>REDUCED THE ADDITIONAL CONFINEMENT TO 58 DAYS.

We affirm the decision of the Air Force Court of Criminal Appeals. The Court of Criminal Appeals did not err in its treatment of Palmer's failure to pay his debt, his March 9, 2001 partial payment or the execution of the contingent confinement.

FACTS

On December 31, 2000, the convening authority approved the sentence including the $30,000.00 fine and the contingent confinement. On that same day, the convening authority informed Palmer by letter that he had 30 days to pay the fine to the Hickham Air Force Base Finance and Accounting Office and that after 30 days the amount due would be considered delinquent.

On January 29, 2001, Palmer requested an additional 30 days within which to pay the fine. He was granted an extension until February 9. On the extended due date of February 9, Palmer made a partial payment of $5,000.00. On February 13 he made a second payment in the amount of $17,175.00, leaving an unpaid balance on the fine of $7,825.00.

Because the fine had not been paid in full by the extended February 9 due date, the convening authority ordered a hearing pursuant to Rule for Courts-Martial 1113(d)(3) [R.C.M.] to determine whether the conditional confinement should be

3

executed. A hearing officer conducted the hearing on February 14 and found: (1) at the time of the contingent confinement hearing, Palmer was "delinquent in [the] payment of his fine[] in the amount of $7,825.00"; (2) Palmer "failed to show by a preponderance of the evidence that his failure to pay [was] due to indigence or that he made a good faith effort to pay"; and (3) there was evidence that Palmer had "an intent to hide assets and deprive the Government of monies owed."[1] Despite these findings, the hearing officer recommended that Palmer be given until 8:00 a.m. on March 1 to pay the balance of the fine, and that if the balance was not paid by that time then he should serve an additional 95 days of confinement.[2]

In a February 28 memorandum, the convening authority informed Palmer that he had adopted the hearing officer's recommendations. The memorandum specifically stated that Palmer had until 8:00 a.m., March 1 to pay the remaining $7,825.00 and if it was not paid, the convening authority would execute

---

[1] Palmer owned two vehicles with a cumulative loan value of $14,175; he transferred ownership of two other vehicles to relatives in Samoa for personal reasons; he was part owner of a business called "Momo's Tires" that had business inventory available for liquidation; and Palmer's wife sold their car stereo business in July 2000 on contract for $150,000.00.

[2] In a statement dated February 13, 2001, attached to the contingent confinement hearing record, Palmer stated that he anticipated that he could pay the balance of the fine within the next two weeks.

additional confinement proportional to the amount of the fine remaining unpaid.

On March 8, after no further payments on the fine had been received, the convening authority remitted the unpaid $7,825.00 balance of the fine and executed an additional 95 days of confinement in lieu of the fine.[3]  Perhaps unaware of either the February 28 memorandum or the March 8 action, Palmer made a partial payment on March 9 in the amount of $3,000.00 to the Hickham AFB Finance and Accounting Office.

On March 22 the convening authority rejected the $3,000.00 payment.  In a memorandum to Palmer, the convening authority informed Palmer that the remission of the unpaid balance of the fine and the execution of the additional days of confinement had not changed and that the $3,000.00 payment from March 9 would be returned.  Subsequently, Palmer received a $2,342.34 payment from the Government, which represented the rejected $3,000.00 payment less an amount for other debts Palmer owed the United States.

---

[3] The members adjudged contingent confinement for 12 months in the event the fine was not paid.  The 95 days of confinement recommended by the contingent confinement hearing officer and executed by the convening authority was proportional to the amount of the fine remaining unpaid when the convening authority acted.

5

DISCUSSION

Pursuant to the authority Congress has given him to establish punishments, Article 56, UCMJ, 10 U.S.C. § 856 (2000), the President has provided that a court-martial "may adjudge a fine in lieu of or in addition to forfeitures."  R.C.M. 1003(b)(3).  The rule further provides that "[i]n order to enforce collection, a fine may be accompanied by a provision in the sentence that, in the event the fine is not paid, the person fined shall, in addition to any period of confinement adjudged, be further confined until a fixed period considered an equivalent punishment to the fine has expired."[4]  Id.

Before contingent confinement can be executed, the convening authority must afford the person fined notice and an

---

[4] The unpaid portion of Palmer's fine was remitted pursuant to Department of the Air Force Instruction 51-201, Administration of Military Justice, §§ 9.9.2, 9.9.5.11 (Nov. 26, 2003) [AFI 51-201], both of which indicate that the additional confinement is a "substitute" for the fine.  This opinion does not address whether the convening authority may execute contingent confinement without remitting any unpaid portion of an approved fine or providing for remission of the unpaid portion of a fine upon service of a contingent period of confinement.

opportunity to be heard.[5]  R.C.M. 1113(d)(3).  At this contingent

confinement hearing, a convicted service member subject to a

fine has the burden of demonstrating that, despite good faith

efforts, he has been unable to pay the fine "because of

indigency."  Id.  If the service member demonstrates that he

cannot pay the fine because of indigency, the contingent

"confinement may not be executed for failure to pay a fine . . .

unless the authority considering imposition of confinement

determines . . . that there is no other punishment adequate to

meet the Government's interest in appropriate punishment."  Id.

See United States v. Tuggle, 34 M.J. 89, 91 (C.M.A. 1992);

United States v. Soriano, 22 M.J. 453, 454 (C.M.A. 1986).

     There is no dispute that Palmer was afforded those due

process rights to which he was entitled.  Nonetheless, citing

---

[5] In this case, the Commander, 15th Air Base Wing, Hickham Air Force Base, took all the actions relevant to the granted issue. Although his authority to take these actions has not been challenged in the course of this appeal, we note that those actions were taken in three capacities.  Initially, this commander took action on the record of trial in his capacity as the general court-martial convening authority over the court-martial.  See Article 60, UCMJ, 10 U.S.C. § 860 (2000); R.C.M. 1107.  Thereafter, in taking actions relating to nonpayment of the fine, specifically ordering the contingent confinement hearing and executing the contingent confinement, the commander acted as the "authority considering imposition of confinement" under R.C.M. 1113(d)(3) pursuant to AFI 51-201, § 9.9.5.2 as the commander exercising general court-martial authority over Palmer.  Finally, in remitting the unpaid balance of Palmer's fine, the commander was exercising the Article 74, UCMJ, 10 U.S.C. § 874 (2000), authority of the Secretary of the Air Force, as delegated under AFI 51-201, § 11.17.

Tuggle, 34 M.J. at 92-93, Palmer argues that even though he was technically not indigent he was entitled to consideration of something short of contingent confinement because he made good faith efforts to pay the fine and those efforts required the convening authority to consider what payment plan or resolution would best satisfy the ends of justice. Tuggle, 34 M.J. at 92. Palmer further asserts that when the Government accepted the $3,000.00 on March 9 there was a constructive waiver of the March 1 deadline and a constructive retraction of the convening authority's March 8 order. We disagree.

In regard to Palmer's argument that he acted in good faith, the hearing officer found that Palmer had "failed to show by a preponderance of the evidence that . . . he made a good faith effort to pay." We are not persuaded that the hearing officer's finding was clearly erroneous. There is a substantial basis in the hearing record to conclude that, rather than making good faith efforts to timely pay the fine, Palmer engaged in conduct designed to remove assets from his control and did not take reasonable steps to liquidate assets to make timely payment.

Further, Palmer's history of payment on the fine does not support his contention that he made payments in good faith. He made no payments until the last day of his first extension, at which time he paid only one-sixth ($5,000.00) of the amount due. Palmer's second payment, which was after the extended due date

8

of February 9, was again only a partial payment and left a substantial portion of the fine unpaid. Even the final $3,000.00 was less than the amount due and tendered at a time when, as far as Palmer knew, he was already a month beyond the extended due date. The R.C.M. 1113(d)(3) hearing record and payment history do not support Palmer's contention that he was acting in a good faith effort to fulfill his obligation to pay the fine.

Palmer's reliance on Tuggle is misplaced. After a hearing officer had determined Tuggle was not indigent and had not made good faith efforts to pay the fine, Tuggle approached the convening authority requesting a monthly payment plan in lieu of serving the contingent period of confinement. The convening authority, however, executed the contingent confinement.

This Court held that the convening authority erred as a matter of law when he did not "consider whether the installment payment plan would satisfy the ends of justice in [that] case." Id. at 92. Two factors served as a predicate to that holding. First, this Court noted that "Tuggle's financial limitations clearly could have placed him at some level of indigence." Id. Second, the Court found that the Government had alternatives available to meet its penal interests. Id.

In this case we find nothing in the record to cause us to question the finding that Palmer was not indigent. This

conclusion is bolstered by the fact that at no point during this appeal did Palmer claim that he was in fact indigent and his appellate defense counsel's concession during argument that he was "technically" not indigent. Additionally, at the time the fine was approved Palmer did not approach the convening authority and request a payment plan or schedule to accommodate his financial situation. Instead, Palmer requested a reduction in the fine in his post-trial submissions and later an extension of the due date. Even though he received several extensions, he made only one timely payment and each of his payments was in an amount substantially less than the full amount due.

Under these circumstances, the convening authority was not obligated to withdraw or amend his action of March 8 when Palmer made his final untimely payment of $3,000.00. This belated payment did nothing to alter or excuse the fact that Palmer did not comply with the payment terms established by the convening authority and the "acceptance" of this payment did not vest Palmer with any new substantive rights. After the convening authority remitted the unpaid balance of the fine and executed the contingent confinement on March 8, Palmer's fine-related debt to the United States was extinguished. The finance office's administrative "acceptance" of the $3,000.00 on March 9 did not resurrect the fine or alter the convening authority's

March 8 action.  On March 9 there was simply no fine against which to apply the untimely $3,000.00 payment.[6]

In his memorandum of March 22 the convening authority set forth the background facts relating to Palmer's fine, his payment history, and the contingent confinement hearing. Following this summary, the convening authority stated, "My action [remitting the fine and executing the confinement] stands[.]"[7]  In our view this reflects that the convening authority gave due consideration to whether the ends of justice would be served by revoking his action of March 8 and substituting some other appropriate action.  Given the facts of this case we do not believe that the convening authority abused his discretion by adhering to his original decision and returning the proffered $3,000.00, less deductions for debts to the United States.  See generally 5 U.S.C. § 5514(a)(1) (2000).

Absent indigence, Palmer's untimely, unilateral efforts to make partial payment on his fine did not create any obligation

---

[6] As we hold that the convening authority did not abuse his discretion by refusing the March 9 $3,000.00 payment, we need not address Palmer's argument that the contingent confinement should have been reduced to 58 days to reflect the receipt of the $3,000.00.

[7] We note that the Manual for Courts-Martial, United States (2002 ed.) lacks specific guidance regarding the procedures applicable to a delinquent, but not indigent accused.  In light of the more substantial civilian experience in this area, the President might well consider further amplification in lieu of case-by-case appellate review of such matters.

on the part of the convening authority to accept that payment or amend his prior action remitting the fine and executing the contingent confinement.  A contrary ruling would permit Palmer to repeatedly interrupt the effective administration of justice without fulfilling the obligations imposed upon him pursuant to a lawful sentence and process.

## DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.