UNITED STATES, Appellee

v.

Darryl S. PHILLIPS, Major
U.S. Marine Corps, Appellant

No. 06-0600

Crim. App. No. 200400865

United States Court of Appeals for the Armed Forces

Argued January 10, 2007

Decided March 26, 2007

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant:  Lieutenant Anthony Yim, JAGC, USN (argued).

For Appellee:  Lieutenant Craig A. Poulson, JAGC, USN (argued);
Commander P. C. LeBlanc, JAGC, USN (on brief); Commander C. N.
Purnell, JAGC, USN.


Military Judge:  S. M. Immel


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of conspiracy to steal government property, willful dereliction of duty, destruction of nonmilitary government property, larceny of government property, wrongful appropriation of government property, conduct unbecoming an officer, obstructing justice (four specifications), obtaining services by false pretense (three specifications), obtaining personal services at government expense, and fraternization, in violation of Articles 81, 92, 109, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 892, 909, 921, 934 (2000). The offenses primarily involved the creation of shell companies and fraudulent charges of more than $400,000 on government credit cards.

The sentence adjudged by the court-martial included a reprimand, confinement for five years, dismissal, and a $400,000 fine. The sentence also contained a contingent confinement provision under Rule for Courts-Martial (R.C.M.) 1003(b)(3): if the fine was not paid, Appellant would be required to serve an additional five years of confinement. The convening authority approved the sentence, but disapproved that portion of the fine in excess of $300,000, and suspended for a period of twenty-four months execution of that portion of the sentence adjudging a

fine in excess of $200,000.  The convening authority ordered the sentence executed, except for that part of the sentence extending to dismissal.

Subsequently, the Commanding General, Marine Corps Base, Camp Pendleton (commanding officer), ordered a fine enforcement hearing under R.C.M. 1113(d)(3) to determine whether Appellant's failure to pay the approved fine was due to indigence.  After the hearing, the commanding officer ordered Appellant to serve an additional five years of confinement for willful failure to pay the unsuspended fine.

The United States Navy-Marine Corps Court of Criminal Appeals set aside the findings of guilty as to the charges of conspiracy to steal government property and destruction of nonmilitary government property, and affirmed the remaining findings.  United States v. Phillips, No. NMCCA 200400865, 2006 CCA LEXIS 61, at *39, 2006 WL 650022, at *13 (N-M. Ct. Crim. App. Mar. 16, 2006) (unpublished).  The court reassessed the sentence in light of its actions, and affirmed the sentence as approved by the convening authority.  2006 CCA LEXIS 61, at *39-*40, 2006 WL 650022, at *13.

On Appellant's petition, we granted review of the following issues:

> I.   WHETHER A SUBSTITUTE CONVENING AUTHORITY CAN
>      ORDER ADDITIONAL CONFINEMENT EXECUTED FOR

> FAILURE TO PAY AN ADJUDGED FINE AFTER THE
> SENTENCE HAS BEEN APPROVED AND EXECUTED.

> II. IF APPELLANT'S CONTINGENT CONFINEMENT WAS
> WITH PROPER AUTHORITY, WHETHER IT WAS
> APPROPRIATE IN LIGHT OF OTHER POSSIBLE
> PUNISHMENTS ADEQUATE TO MEET THE
> GOVERNMENT'S NEED.

We hold that the commanding officer who executed the contingent confinement provision was authorized to do so. We further hold that the commanding officer was not required to consider alternatives to contingent confinement after concluding that Appellant was not indigent.

## I. BACKGROUND

### A. FINES AND CONTINGENT CONFINEMENT

As part of the sentence, a court-martial "may adjudge a fine in lieu of or in addition to forfeitures." R.C.M. 1003(b)(3). The rule contains the following authority to impose contingent confinement:

> In order to enforce collection, a fine may be
> accompanied by a provision in the sentence that,
> in the event the fine is not paid, the person
> fined shall, in addition to any period of
> confinement adjudged, be further confined until a
> fixed period considered an equivalent punishment
> to the fine has expired.

Article 60(c), UCMJ, 10 U.S.C. § 860(c) (2000), requires the convening authority to take action on the sentence of the court-martial. The convening authority has broad power under

4

Article 60(c)(2), UCMJ, to "approve, disapprove, commute, or suspend the sentence in whole or in part."

When taking action on the sentence, the convening authority's "approval or disapproval shall be explicitly stated." R.C.M. 1107(d)(1). "If only part of the sentence is approved, the action shall state which parts are approved." R.C.M. 1107(f)(4)(A). "[W]hen appropriate," the action shall state "whether an approved sentence is to be executed or whether all or any part of the sentence is to be suspended." R.C.M. 1107(f)(4)(B).

Certain portions of a sentence may take effect prior to the convening authority's action. See, e.g., Article 57(a)(1), UCMJ, 10 U.S.C. § 857(a)(1) (2000) (forfeitures of pay and allowances; reduction in rank); Article 57(b), UCMJ (confinement). A fine, however, does not become due until ordered into execution by the convening authority. Unless a different date or payment schedule is set forth in the convening authority's action or otherwise agreed to by the convening authority, payment of the fine is due on the date that the convening authority takes action on the sentence. Article 57(c), UCMJ; Article 71(c)(2), UCMJ, 10 U.S.C. § 871(c)(2) (2000); R.C.M. 1113(b). See, e.g., United States v. Palmer, 59 M.J. 362, 363 (C.A.A.F. 2004) (the appellant was informed by letter that he had thirty days from date of convening

authority's action on sentence to pay fine, and subsequently the appellant was granted an additional thirty-day extension of time to pay).

After the convening authority takes action on the results of a general court-martial, the convening authority forwards the record to the Judge Advocate General concerned to initiate appellate review. Articles 65(a), 66, 69(a), UCMJ, 10 U.S.C. § 865(a), 866, 869(a) (2000); R.C.M. 1111(a)(1). The convening authority may recall or modify his or her action in a general court-martial at any time prior to forwarding the record for review so long as the modification does not result in action less favorable to the accused than the earlier action. R.C.M. 1107(f)(2). After the convening authority has taken action on the sentence and has forwarded the record for review, reviewing authorities may return the case to the convening authority with direction to take further action in the case. Id.

The question of who may convert contingent confinement into actual confinement in the event of failure to make timely payment is not addressed in the UCMJ, and is covered only obliquely in the Manual for Courts Martial, United States (MCM). As we noted in Palmer, 59 M.J. at 366 n.7, the MCM suffers from a "lack[] [of] specific guidance regarding the procedures applicable to a delinquent, but not indigent accused." In particular, the MCM does not identify the proper authority to

execute contingent confinement, referring only to "the authority considering imposition of confinement" in the context of addressing claims of indigency:

> Confinement may not be executed for failure to pay a fine if the accused demonstrates that the accused has made good faith efforts to pay but cannot because of indigency, unless the authority considering imposition of confinement determines, after giving the accused notice and opportunity to be heard, that there is no other punishment adequate to meet the Government's interest in appropriate punishment.

R.C.M. 1113(d)(3).  We have recognized, however, that a commanding officer empowered to order contingent confinement is not acting in the capacity of the convening authority who approved the results of the court-martial under Article 60(c), UCMJ, but as the "authority considering imposition of confinement" for nonpayment of the fine under R.C.M. 1113(d)(3).  Palmer, 59 M.J. at 364 n.5.  Exercise of the authority to impose contingent confinement by the officer serving as a person's commanding officer subsequent to action under Article 60(c), UCMJ, does not violate the MCM.  Id.

Under R.C.M. 1113(d)(3), an accused who fails to pay an executed fine is entitled to the opportunity to show indigence and demonstrate past good faith efforts to pay before being ordered into confinement for failure to pay.  If the accused demonstrates indigence, the authority considering confinement must determine, after notice to the accused and a hearing, that

7

no alternative punishment is adequate to meet the government's interest in punishment.  Id.  If an accused cannot demonstrate indigence, the authority considering confinement need not consider alternatives before executing contingent confinement.  Palmer, 59 M.J. at 365-66.  The authority considering confinement may choose to consider alternative punishments as a matter of discretion in the case of a nonindigent accused, but is not required to do so.  See id. at 366.

B.  CONTINGENT CONFINEMENT IN THE PRESENT CASE

The convening authority in Appellant's court-martial took his action on the sentence under Article 60(c), UCMJ, on June 10, 2004.  As noted at the outset of this opinion, the convening authority approved the adjudged fine in part, suspended part of the fine, and approved the balance of the sentence, including the contingent confinement provision.

On June 10, 2005, the commanding officer notified Appellant of his failure to pay the fine, and stated his intent to conduct a fine enforcement hearing under R.C.M. 1113(d)(3) if the fine was not paid in full by June 16, 2005.  When Appellant failed to pay the fine in full, the commanding officer ordered a fine enforcement hearing under R.C.M. 1113(d)(3) to determine whether the contingent confinement provision of Appellant's sentence should be converted to actual confinement due to Appellant's failure to pay.

The fine enforcement hearing officer determined, based on a preponderance of the evidence presented at the hearing, that Appellant was not indigent.  The hearing officer found that, although Appellant had remitted payments totaling $790 in partial fulfillment of his debt, he failed to make bona fide efforts to pay the fine, and had engaged in asset-shifting to avoid payment.  The hearing officer noted that Appellant had offered to repay the fine under an installment plan upon his release from confinement.  However, he concluded that neither Appellant's proposed payment plan nor any other alternative to confinement was adequate to meet the Government's interest in carrying out the adjudged sentence.

The staff judge advocate considered the hearing officer's findings, and recommended, based on Appellant's "subterfuge, previous conduct designed to remove assets from his control, and his willful failure to take reasonable steps to liquidate assets to pay his fine," that the five-year period of contingent confinement be executed.  After considering the results of trial, fine enforcement hearing report, staff judge advocate's recommendation, and matters submitted by defense counsel, the commanding officer ordered execution of the contingent confinement provision "for contumacious conduct (i.e., willful failure to pay)."

The Court of Criminal Appeals held that R.C.M. 1107(d)(1) did not prohibit the execution of the fine enforcement provision in this case, and that the Commanding General, Marine Corps Base, Camp Pendleton, was the proper authority to act in this matter. Phillips, 2006 CCA LEXIS 61, at *39, 2006 WL 650022, at *13.

## II. DISCUSSION

### A. AUTHORITY TO EXECUTE CONTINGENT CONFINEMENT

The first granted issue requires us to determine whether the convening authority's action on June 10, 2004, approving the sentence under Article 60(c), UCMJ, precluded a different officer from converting the contingent confinement provision of the sentence into actual confinement when Appellant failed to pay the fine. We review this question of law de novo.

Appellant argues that the Government's window to order him into contingent confinement expired on the date the convening authority ordered the sentence executed because the convening authority did not expressly convert contingent confinement to actual confinement at that time. According to Appellant, the commanding officer could not impose contingent confinement after the sentence was executed and the record forwarded for review, citing R.C.M. 1107(f)(2) (permitting a convening authority to

modify his or her action at any time before forwarding the record for review).

If the contingent confinement provision of an appellant's sentence could be executed only at the same time a fine takes effect, a convening authority would have to determine that an accused willfully failed to pay a fine under R.C.M. 1113(d)(3) even before the fine was due. See Article 57(c), UCMJ. The texts of the applicable rules and statutes do not mandate such a conclusion, and we decline to interpret those provisions in a manner that would generate an unreasonable result.

Contingent confinement is an enforcement mechanism that may be included in a sentence to a fine, allowing the proper authority to order into confinement an accused who fails to pay the fine. The procedural requirements of R.C.M. 1113(d)(3) ensured that due process was satisfied before confinement was ordered in the present case.

R.C.M. 1113(d)(3) also makes it clear that the predicate to converting contingent to actual confinement is the failure by a servicemember to pay a fine that is due. Inasmuch as a fine is not due until the sentence is executed, contingent confinement may be executed only after: (1) the fine is executed, (2) the accused has an opportunity to pay, and (3) fails to do so.

In this case, a year passed between the date of execution of Appellant's sentence and the date he was ordered to pay the

11

unsuspended fine.  When he failed to pay the fine, the commanding officer properly ordered a fine enforcement hearing, determined that Appellant was not indigent, and ordered him into contingent confinement for willful failure to pay.  Although Appellant characterizes the commanding officer as a "substitute" convening authority, the commanding officer did not execute contingent confinement in the capacity of a "substitute" for the convening authority over Appellant's court-martial; he acted as "the authority considering imposition of confinement" under R.C.M. 1113(d)(3).  We find no error in the execution of contingent confinement in this case.

B.  CONSIDERATION OF ALTERNATIVE PUNISHMENTS

The second granted issue requires us to determine whether the commanding officer was obligated to consider alternative punishments before ordering Appellant into contingent confinement.  We review the decision to convert a fine into confinement for abuse of discretion.  Palmer, 59 M.J. at 366.

The fine enforcement hearing officer determined that Appellant was not indigent, and the staff judge advocate and the commanding officer accepted his conclusion.  The determination that Appellant was not indigent is not at issue in the present appeal under the granted issues.[*]

---

[*] Appellant, in his reply brief, raised the question of whether the length of the contingent confinement period was appropriate

The authority considering imposition of contingent confinement is not required by R.C.M. 1113(d)(3) or any other provision of the MCM to consider alternatives to confinement for a nonindigent accused.  Because Appellant failed to establish that he is indigent, the commanding officer was not required to consider whether Appellant's proposed payment plan or any alternative punishment would be adequate to meet the Government's interests.  Compare Palmer, 59 M.J. at 365 (no requirement to consider whether the appellant's proposed payment plan would satisfy ends of justice where the appellant was not indigent and was "engaged in conduct designed to remove assets from his control and did not take reasonable steps to liquidate assets to make timely payment"), with United States v. Tuggle, 34 M.J. 89, 92 (C.M.A. 1992) (error in failing to consider alternatives to confinement where the appellant's "financial

---

in view of subsequent adjustments in the fine.  See R.C.M. 1003(b)(3) (describing contingent confinement as a "fixed period considered an equivalent punishment to the fine").  The issue of whether the contingent confinement period imposed in this case constituted an "equivalent punishment" is not within the scope of the granted issues, and we decline to address it.  We take this opportunity, however, to note the need for guidance on contingent confinement procedures in cases involving delinquent, nonindigent servicemembers.  See Palmer, 59 M.J. at 366 n.7.  Such guidance should address the considerations applicable to the imposition of contingent confinement when the original fine has been substantially reduced by partial payment, subsequent official action, or both.

limitations clearly could have placed him at some level of indigence").

### III.  CONCLUSION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.