# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40656**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Matthew D. CORLISS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 27 October 2025

————————————

*Military Judge*: Pilar G. Wennrich (trial); Joshua D. Rosen (post-trial).

*Sentence*: Sentence adjudged on 29 May 2024 by GCM convened at Moody Air Force Base, Georgia. Sentence entered by military judge on 24 July 2024: Bad-conduct discharge, 6 months confinement, a fine of $15,000.00 (and to serve contingent confinement of 6 months if the fine is not paid by 26 September 2024), and reduction to E-1.

*For Appellant*: Lieutenant Colonel Luke D. Wilson, USAF; Captain Samantha M. Castanien, USAF.

*For Appellee*: Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Major Kate E. Lee, USAF; Major Jocelyn Q. Wright, USAF; Captain Catherine D. Mumford, USAF; Mary Ellen Payne, Esquire.

Before DOUGLAS, MASON, and KUBLER, *Appellate Military Judges*.

Judge KUBLER delivered the opinion of the court, in which Senior Judge DOUGLAS, and Judge MASON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KUBLER, Judge:

A military judge at a general court-martial found Appellant guilty, consistent with his pleas, of one specification of larceny of military property valued at approximately $15,000.00, the property of the United States, in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921.[1] The military judge sentenced Appellant to a bad-conduct discharge, a fine of $15,000.00, six months' confinement, reduction to the grade of E-1, and to serve an additional six months of confinement if the fine is not paid.

Appellant asserts sentences imposing contingent confinement became unlawful after 2018, when Executive Order 13825 was issued. Prior to 2018, Rule for Courts-Martial (R.C.M.) 1113(e)(3), *Confinement in lieu of fine*, described due process requirements before confinement could be executed for failure to pay a fine. *See Manual for Courts-Martial, United States* (2016 ed.).[2] In 2018, Executive Order 13825 removed R.C.M. 1113(e)(3), and replaced it with a different provision in the *Manual for Courts-Martial, United States* (2019 ed.). Appellant asserts this deletion removed all procedural safeguards mandated in *Bearden v Georgia*, 461 U.S. 660 (1983), and rendered sentences which include contingent confinement under R.C.M. 1003(b)(3) unlawful thereafter.

Appellant's perspective that contingent confinement is unlawful without the prior version of R.C.M 1113(e)(3) in effect forms the basis for the issue raised on appeal, which we have rephrased: whether the portion of Appellant's sentence which includes contingent confinement is correct in law.

We disagree with Appellant's premise and find no error materially prejudiced Appellant's substantial rights. We affirm the findings and sentence.

## I. BACKGROUND

Appellant ordered more headsets than his unit needed, took the extra headsets home, and sold them online. These headsets, used by maintainers to communicate with pilots, were valued at $1,000.00 each. Over the course of four months, Appellant sold 15 headsets online at a total value of $15,000.00.

When Appellant pleaded guilty to larceny of the 15 headsets, Appellant's trial defense counsel argued Appellant's remorse coupled with his intent to pay back the Air Force warranted a sentence with less confinement. "Over the past few months," Appellant said in his unsworn statement, "I have done everything

---

[1] Unless otherwise noted, all references to the UCMJ and to the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] *See also* Andreas Kuerstein, *Your Money or Your Liberty: Clarifying Military Contingent Confinement*, 81 A.F. L. Rev. 307, 308 (2020).

I can to save up money in order to pay back the Air Force for the headsets I stole." "At this point, Appellant continued, "as soon as I get the statement with the amount, I am ready to and intend on paying back the Air Force for every single cent I took from them." Trial defense counsel argued, "[Appellant] has indicated that he is ready, able, and willing to pay restitution. . . . [Appellant]'s going to pay for what he took. . . . He is willing and able to pay back whatever he took, so we asked for an appropriate sentence in regard to that."

The military judge sentenced Appellant to a bad-conduct discharge, a fine of $15,000.00, six months' confinement, reduction to the grade of E-1, and to serve an additional six months of confinement if the fine is not paid.

The convening authority established 26 September 2024 as the date the fine would be due.[3] According to the convening authority, in his decision on action memorandum, "If the fine is not paid by 26 September 2024, a contingent confinement hearing may be convened." "The purpose of the hearing," the convening authority continued, "would be to determine whether the fine is delinquent, whether the delinquency, if any, resulted from [Appellant's] indigence and whether confinement should be ordered."

More than a year has passed since the 26 September 2024 due date for Appellant to pay the fine. There is no record of a contingent confinement hearing being conducted or ordered by the convening authority. We have no reason to believe Appellant failed to pay the United States Treasury as he repeatedly stated in his pre-sentencing hearing he was ready, willing, and able to do.[4] Therefore, the salient fact for our review is that there is no contingent confinement hearing in the record before us.

---

[3] When a fine is ordered executed the convening authority notifies the individual that the fine is due and payable on a specific date. *See* Department of the Air Force Instruction (DAFI) 51-201, *Administration of Military Justice,* ¶ 20.37.1 (24 Jan. 2024).

[4] In the Government's answer to Appellant's assignment of error brief, appellate government counsel avers that they are aware of the fine being paid. Appellant moved this court to strike that assertion from the Government's answer which appellate government counsel opposed. We denied Appellant's motion to strike, but give the Government's assertion no weight when considering Appellant's issue of contingent confinement in this opinion.

## II. DISCUSSION

### A. Law

#### 1. Standard of Review

We review the legal sufficiency of a sentence de novo. *United States v. McAlhaney*, 83 M.J. 164, 166 (C.A.A.F. 2023).

#### 2. Fines and Contingent Confinement

Pursuant to the authority Congress has given him to establish punishments, Article 56, UCMJ, 10 U.S.C. § 856, the President has provided that a court-martial "may adjudge a fine in lieu of or in addition to forfeitures." R.C.M. 1003(b)(3); *see United States v. Palmer*, 59 M.J. 362, 364 (C.A.A.F. 2004). That same rule authorizes an enforcement mechanism commonly referred to as contingent confinement, "a provision in the sentence that, in the event the fine is not paid, the person fined shall, in addition to any period of confinement adjudged, be further confined until a fixed period considered an equivalent punishment to the fine has expired." R.C.M. 1003(b)(3).

#### 3. Enforcement; Contingent Confinement Hearings

In *Bearden,* the United States Supreme Court set forth due process requirements for enforcement proceedings before failure to pay a fine could result in confinement. 461 U.S. at 672–73.

> We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.*

In the context of military justice, a contingent confinement hearing is the enforcement proceeding which converts an unpaid fine to confinement. *See Palmer*, 59 M.J. at 364; Department of the Air Force Instruction (DAFI) 51-201, *Administration of Military Justice,* ¶ 20.37 (24 Jan. 2024).

> At this contingent confinement hearing, a convicted service member subject to a fine has the burden of demonstrating that, despite good faith efforts, he has been unable to pay the fine "because of indigency." [R.C.M. 1113(d)(3)]. If the service member demonstrates that he cannot pay the fine because of indigency, the contingent "confinement may not be executed for failure to pay a fine . . . unless the authority considering imposition of confinement determines . . . that there is no other punishment adequate to meet the Government's interest in appropriate punishment."

*Palmer*, 59 M.J. at 364–65 (citing R.C.M. 1113(d)(3*)*, then citing *United States v. Tuggle,* 34 M.J. 89, 91 (C.M.A. 1992), and then citing *United States v. Soriano,* 22 M.J. 453, 454 (C.M.A. 1986)).

Requirements for executing confinement for failure to pay a fine were placed in R.C.M. 1113(d)(3), *Confinement in lieu of fine,* in 1984. *See Manual for Courts-Martial, United States* (1984 ed.). The Rule later moved to R.C.M. 1113(e)(3) (2016 *MCM*) and remained otherwise unchanged until 2018 when Executive Order 13825 overwrote R.C.M. 1113(e)(3). *See Manual for Courts-Martial, United States* (2019 ed.). Separately, DAFI 51-201, ¶ 20.37, *Procedures for Executing Contingent Confinement*, contains procedures and due process requirements for these hearings.

"A . . . sentence of a court-martial may not [be] held incorrect on the ground of an error of law unless the error materially prejudices a substantial right of the accused." Article 59(a), UCMJ, 10 U.S.C. § 859.

## B. Analysis

The issue Appellant raises relates to due process concerns with a contingent confinement hearing, the enforcement proceeding. Case law discussing contingent confinement hearings, the enforcement proceedings, referenced R.C.M. 1113(e)(3), *Confinement in lieu of fine*, which addressed the execution of confinement for failure to pay a fine. The requirement to determine the reason for failure to pay a fine before converting the fine to confinement is the core issue addressed by the Supreme Court in *Bearden*. Appellant acknowledges DAFI 51-201 contains procedural requirements for contingent confinement hearings but claims service instructions cannot make up for this purported due process deficiency in the Rules for Courts-Martial.

The Government asserts the issue is not properly before this court and Appellant has been provided due process. First, they point to the fact that there is no evidence in the record that a contingent confinement hearing has or ever will take place. Second, they argue the due process required was provided to Appellant in the convening authority's decision on action memorandum for this case, through relevant portions of the DAFI 51-201, and in case law along with other Rules for Courts-Martial.

A fine with an enforcement provision— $15,000 fine, and to serve an additional six months of confinement if the fine is not paid—that is, a contingent confinement, is a punishment authorized by the President in R.C.M. 1003(b)(3), pursuant to the authority Congress has given him to establish punishments. *See* Article 56, UCMJ.

The lawfulness of the execution of confinement for an unpaid fine through a contingent confinement hearing, the enforcement proceeding, is a separate question. Appellant's contention that due process for a contingent confinement hearing could not occur once the earlier version of R.C.M. 1113(e)(3) was deleted, would need to be answered in a case where a contingent confinement hearing existed in the record.

Our Article 66, UCMJ, 10 U.S.C. § 866, duty, and the question asked by Appellant, is whether the sentence is correct in law. It is.

### III. CONCLUSION

The findings are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d), *Manual for Courts-Martial, United States* (2024 ed.). The sentence is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court